**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARIN FIELDS, et al.,

    Plaintiffs,

    v.

CHERNE CONTRACTING CORP.,

    Defendant.
_____/

No. C 03-4854 PJH

**ORDER DENYING PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE AND TESTIMONY**

    Plaintiffs Fields, Hurd, and Troy's motion to exclude evidence and testimony came on for hearing on June 29, 2005 before this court. Plaintiffs appeared through their counsel, Darci Burrell, and defendant Cherne Contracting Corp. appeared through its counsel, Ronald Souza. Having read all submitted papers and carefully considered the relevant legal authority, the court DENIES the motion for the reasons stated at the hearing.[1]

    A.    Motion to Exclude Evidence

    Plaintiffs seek to exclude evidence concerning Cherne's allegations that Fields falsified racial epithets on his time card while working for a previous employer. Plaintiffs move to strike this evidence under Fed. R. Evid. 403, 404, and 608.

    Rule 403 permits the exclusion of otherwise-relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

    Rule 404 prohibits the use of character evidence to prove conduct. Thus, "evidence of

---

[1] Pursuant to Civ. L.R. 7-13, this order may not be cited except as provided by Civ. L. R. 3-4(e).

a person's character or a trait of character is not admissible for the purpose of proving action." Fed. R. Evid. 404(a). Furthermore, "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

Rule 608(b) states that "specific instances of the conduct of a witness for the purpose of attacking or supporting the witness' character for truthfulness . . . may not be proved by extrinsic evidence." However, specific instances of conduct may "be inquired into on cross-examination of the witness concerning the witness' character for truthfulness or untruthfulness," in the discretion of the court. Id.

As discussed at the hearing, the evidence of Fields' alleged falsification of his time cards goes directly to his credibility as a witness, as well as his motive, M.O., and pattern and practice of raising false claims of racial harassment with employers. This evidence is thus admissible at trial on multiple grounds. Furthermore, if Fields denies having falsified the writing on his time cards, Cherne is entitled to rebut those statements with extrinsic evidence as well, on the question of Fields' truthfulness. The court also finds that, given the significant probative value of this evidence, it is not sufficiently unduly prejudicial to Fields to warrant exclusion under Rule 403. The motion to exclude the time card evidence is DENIED.[2]

B.  Motion to Exclude Expert

Under Daubert, the trial court serves as a "gatekeeper" and makes a preliminary determination about the relevance and scientific reliability of any expert evidence before it can be presented to the jury. Fed. R. Evid. 702, 703; Daubert v. Merrell Down Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993); Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147-48 (1999).

---

[2] At the hearing, plaintiffs indicated that they may file a motion to bifurcate the case between Fields and the other two plaintiffs. The court does not reach this issue now, though plaintiffs may file a motion on this issue for discussion at the July 14 pretrial conference if they so choose.

United States District Court
For the Northern District of California

Factors to be considered in determining the admissibility of expert evidence include, but are not limited to, 1) whether the scientific theory or technique can be and has been tested; 2) whether the theory has been subjected to peer review and publication; 3) the error rate of the theory; and 4) whether the theory is generally accepted in the relevant scientific community. Elsayed Mukhtar v. California State Univ., Hayward, 299 F.3d 1053, 1064 (9th Cir. 1999), citing Daubert and Kumho Tire.  The trial court must make this determination, but has broad discretion in determining how reliability is to be ascertained.  Id.

As discussed at the hearing, Cherne's expert Owen has sufficient experience and expertise in the field of handwriting analysis under Daubert to testify, and the court declines to exclude his testimony.  The objections raised by plaintiffs go instead to the weight of Owen's testimony, and are thus better raised in cross-examination at trial.

The motion to exclude evidence and testimony is DENIED.  This order fully resolves the matter listed at no. 67 on the clerk's docket for this case.

**IT IS SO ORDERED.**

Dated: June 30, 2005

PHYLLIS J. HAMILTON
United States District Judge

3