UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARIN FIELDS, et al.,

       Plaintiffs,                           No. C 03-4854 PJH

      v.                                **FINAL PRETRIAL ORDER**

CHERNE CONTRACTING CORP.,

       Defendants.

_____/

The parties' various motions in limine came on for hearing at the pretrial conference on July 14, 2005 before this court. Plaintiffs Fields, Hurd, and Wallace appeared through their counsel, Leslie Levy, Jean Hyams, and Darci Burrell. Defendant Cherne appeared through its counsel, Ronald Souza. This order summarizes the court's rulings with respect to the pretrial motions resolved at the conference and sets forth the court's ruling on the two matters that were deferred.

    A.    Plaintiffs' Motions in Limine

Plaintiffs filed ten motions in limine. Of those ten, five are uncontested and one has already been resolved.

           1.    Uncontested Motions

In their papers and at the hearing, Cherne asserted no opposition to the following motions in limine. Accordingly, the court GRANTS plaintiffs' requests to exclude: 1) evidence of plaintiffs' performance and discipline records from other employers; 2) evidence of the witnesses' immigration status; 3) evidence of the plaintiffs' marital and parenting status; 4) evidence that the plaintiffs seek attorneys' fees and costs in this action; and 5) evidence of gambling activity at Cherne.

Plaintiffs also moved to exclude evidence of falsified racial graffiti on Fields' time cards when he worked for a previous employer. This was the subject of a previous motion, which was denied. See 6/30/05 Order Denying Plaintiffs' Motion to Exclude.

### 2. Criminal Convictions

Plaintiffs conceded that Fields and Wallace both have criminal convictions, and moved to bar evidence of those convictions at trial.

#### a. Wallace

Wallace has testified that in 1990, he was arrested for the transport and use of illegal substances, including cocaine, and that he has not been convicted of any other crimes since.

Under Fed. R. Evid. 609(b), felony convictions that are more than ten years old are not admissible unless the court specifically finds that the probative value of the conviction "substantially outweighs" its prejudicial effect. The court here finds that the probative value of the conviction does not outweigh its prejudicial effect, and thus GRANTS plaintiff's motion in limine. Cherne may not mention Wallace's 1990 conviction at trial.

#### b. Fields

In 2001, Fields was convicted of domestic violence including stalking and inflicting corporal injury, for which he served one year in prison. On December 19, 2003, Fields violated the terms of his probation or parole and was continued on supervision for an additional two years.

Under Rule 609, felony convictions that are less than ten years old are admissible at trial, subject to Rule 403. The court is persuaded that while despicable, Fields' crimes do not relate to his credibility and that his personal behavior has no bearing on the question of whether he and the other two plaintiffs faced racial harassment while employed at Cherne. While ordinarily such evidence might be relevant at trial, as indicated at the hearing, the nature of the allegations at issue in this action are such that adding further such information about Fields' personal life presents a real risk of substantially distracting the jury from the questions at hand. Thus allegations of wrongdoing extrinsic to the employment relationship will not be

permitted and plaintiff's motion to exclude testimony concerning Fields' criminal record is GRANTED.

    c.  Smith

Cherne argued that if the court excludes evidence of plaintiffs' criminal records, evidence of the criminal record of its witness Don Smith (who is currently incarcerated on burglary charges) should be excluded as well. The court agrees that if Smith appears, plaintiffs will be similarly barred from producing evidence of Smith's criminal record. However, as discussed at trial, Smith will only be permitted to testify in person. If Smith is still in prison at the time of trial, Smith's testimony may not be introduced by deposition, because Cherne provided its proposed deposition designations to plaintiff after the deadline for such designations had passed.

   3.  Unemployment/Workers' Compensation

Plaintiffs next moved to bar evidence concerning benefits received by the plaintiffs for unemployment and workers' compensation as irrelevant to the question of damages and back pay.

At the hearing, both parties agreed that plaintiffs' receipt of unemployment insurance and workers' compensation benefits are irrelevant for the purposes of calculating back pay, and also agreed that both sides could use statements made by plaintiffs in conjunction with their claims for other purposes such as to show the extent of their injuries. The motion to exclude evidence of unemployment and workers' compensation is therefore GRANTED IN PART and DENIED IN PART. The evidence may be introduced at trial as described above, but the parties shall draft a limiting instruction which instructs the jury that evidence from those claims should not be considered for the purposes of damages.

   4.  Union Grievances

The parties agreed that all the information contained in grievances filed by the plaintiffs with their union concerning their allegations of racial harassment, the union's procedures in handling those grievances, and statements made in the investigations are admissible. The

3

parties dispute only whether the outcome of the grievance procedure is admissible at trial.

At the hearing, it became apparent that neither party was able to adequately articulate a basic chronology of the events at hand, so as a result, it remains unclear to the court how many grievances were filed, on what specific issues, and when the union's findings were issued in relation to the employment actions at issue.  The court's review of the briefs following the conference did not serve to clarify the time line.

The court finds that all of the information concerning the union grievances, including their filing, the investigation, statements made, and the outcome as found by the union, are on their face relevant to, among other things, the extent of the notice Cherne had about racial harassment in the workplace, and the impact on Cherne's response to those allegations. However, given the uncertainty about the time line, if the evidence at trial as to the chronology of events somehow renders the outcome of the grievances irrelevant, plaintiffs may renew their request to exclude this evidence then.  The motion to exclude the evidence of the resolution of the union grievances is DENIED without prejudice.

          5.         Plaintiffs' Motion to Exclude Expert Williams

Plaintiffs also moved to exclude testimony from Cherne's expert witness, T. Hensley Williams, arguing that his expert report reflects improper credibility determinations and opinions as to the ultimate questions of fact and law at issue in the case.

The court agrees that expert witnesses are prohibited from offering legal opinions, and neither expert may do so.  However, opinions on the ultimate issues are permitted by Rule 704 and will be permitted in this case.  Because the line between an opinion of law and the ultimate issue of whether there was or was not harassment or retaliation is not a bright one, the court will not permit testimony on any issue for which the parties will submit a jury instruction or special verdict interrogatory.  In other words, if the jury will be called upon to answer the question following the court's instructions whether Cherne retaliated against plaintiffs, no expert may opine that Cherne did or did not retaliate.

With respect to improper credibility determinations, while it is true that neither  expert

may <u>inform</u> the jury that a certain witness is or is not credible, the experts are nonetheless permitted to weigh the evidence with which they are presented in forming their opinions in the first place. <u>See, e.g.</u>, Fed. R. Evid. 703 (permitting experts to base opinion testimony on facts that they perceive, and stating that experts may rely on otherwise-inadmissible evidence in rendering opinions). In other words, they may determine for themselves what evidence to rely on in forming their opinions–that is make their own credibility determination–but may not invade the province of the jurors to decide for themselves who they believe. Having perused Williams' report, the court agrees with plaintiffs that it is difficult to determine exactly what he will be able to testify to given that the report is replete with legal conclusions and his credibility determinations, and appears to summarily decide the case for the jury. The court also finds, however, that plaintiffs' expert report suffers from some, albeit not as many, of the same problems. The court is thus reconsidering whether to permit <u>either</u> witness to testify. The court will read each report completely and carefully before making a final decision on this issue. If experts are permitted to testify, their testimony shall be limited as stated above.

  B.  Cherne's Motions in Limine

    1.  Uncontested Motions

Cherne's request that the court order equal time for the plaintiffs and the defendants in this matter, and that 24 hours notice be given before witnesses are called is granted as set forth in this court's order setting forth trial rules and procedures filed on July 14, 2005.

    2.  Racially-Derogatory Statements Made to Third Parties

Plaintiffs have alleged that a Cherne foreman, who was a temporary union employee, made racist comments to third parties, which plaintiffs did not witness and were not aware of until the filing of this lawsuit. Cherne argues that this information is irrelevant to the plaintiffs' perception of a hostile work environment, because they were unaware of the statements at the time they were employed by Cherne, and moves to exclude this evidence from the trial.

The leading case on this issue is <u>Fisher v. San Pedro Peninsula Hospital</u>, 214 Cal.App.3d 590 (1989). As discussed at the hearing, <u>Fisher</u> held that parties alleging that

1 they were personally harassed may introduce evidence of harassing statements made by third
2 parties, even if they were not personally subjected to them, because this evidence goes to
3 whether the work environment could objectively be considered hostile. Id. at 610-11 (in
4 context of sexual harassment claim).  Here, because plaintiffs have alleged that they were
5 personally subjected to racial harassment, evidence of racially-offensive statements made by
6 third parties that were not witnessed by the plaintiffs may nonetheless be admitted at trial
7 through both the testimony of the percipient witnesses and that of the plaintiffs because it is
8 not offered for the truth of the matters asserted but to establish that racist comments were
9 made by Cherne supervisors.  Cherne's motion to exclude is DENIED.

10          C.      Motion to Bifurcate

11          Shortly before the conference plaintiffs moved to sever Fields' trial from Hurd and
12 Wallace's, arguing that Hurd and Wallace will be prejudiced by the introduction of the
13 evidence concerning Fields' alleged writing of racial graffiti at a previous place of
14 employment.  Under Fed. R. Civ. P. 42(b), the court may in its discretion, "in furtherance of
15 convenience or to avoid prejudice, or when separate trials will be conducive to expedition and
16 economy," order separate trials.  It is obvious that separate trials in this matter would not be
17 conducive to convenience, expedition, or economy.  Thus, the only basis for granting the
18 request is unfair prejudice to Hurd and Wallace.

19          The court requested in the supplemental briefing that the parties address whether the
20 evidence would be admissible against Hurd and Wallace and whether Fields would be called
21 as a witness at a separate trial of Hurd and Wallace.  The court is persuaded that the
22 evidence is not admissible against Hurd and Wallace without a showing that they either acted
23 in concert with Fields or knew about his alleged falsification of the graffiti.  Cherne's position
24 on their connection to the graffiti has indeed been a moving target and the court has no idea
25 what Cherne's theory is about their roles, if any, in the graffiti incident.  Accordingly, this
26 evidence may not be introduced against Hurd and Wallace and no question may be asked of
27 them to insinuate their involvement or knowledge unless Cherne first makes an offer of proof
28

6

establishing corroborative facts and is thereafter given leave of court to proceed.

The court's finding that the evidence is admissible only against Fields does not, however, require a severance of the trials. As Cherne argues, Fields could and would be called as a percipient witness in Hurd's and Wallace's case, since he was the only person who saw the graffiti in the Cherne bathrooms. As a testifying witness, Fields' credibility would certainly be at issue whether called by the plaintiffs or the defendant. As an adverse witness, he could be impeached. Because the evidence that plaintiffs seek to exclude would be admissible in a separate trial against one of the plaintiffs, there is no basis for shifting the prejudice from the plaintiffs to the defendant, who would be forced to participate in two costly trials involving the same witnesses, issues and evidence, and who would also suffer the prejudice resulting in a lengthy continuance until the second matter could be heard as this court is currently setting trials in October 2006. Instead the court will give a limiting instruction to the jury, limiting the use of any evidence against Fields on this issue to Fields. This type of Rule 404(b) evidence is routinely admitted in co-defendant criminal trials, and juries appear to have no difficulty in following the court's limiting instructions. The motion to sever is DENIED.

Finally, plaintiffs request that the court certify its denial of this motion for interlocutory appeal to the Ninth Circuit. Under 28 U.S.C. § 1292(a), the district court may in its discretion certify a matter for interlocutory appeal if the matter at issue concerns a controlling issue of law as to which there is a substantive difference of opinion, and an appeal would materially advance the litigation. This matter is not a controlling issue of law, and Fields has not shown how an appeal, which would require vacating the current trial date and a significant delay in the ultimate resolution of the outstanding issues of fact as the appeal was heard, would materially advance this litigation. Furthermore, the entire issue may become moot if Cherne is found liable at trial. The request to certify this ruling for appeal is DENIED.

**Miscellaneous**

The parties shall meet and confer about jury instructions and submit a joint set of case specific instructions. The court expects to be called upon to resolve no more than six

7

1 disputes, given that there are only two causes of action to be tried.

2 The parties shall also meet and confer about a joint verdict form.  In the absence of an
3 agreed upon special verdict, the court will give a general verdict.

4 The parties will be afforded 13 hours per side for direct and cross examination of all
5 witnesses.  Jury selection, opening statements, closing arguments are not counted in the time
6 limitations.

7 **IT IS SO ORDERED.**

8 Dated: July 22, 2005

9 _____
PHYLLIS J. HAMILTON
United States District Judge